UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ JUN 1 2 2009 ★

GARFIELD CLARK
       PLAINTIFF

-AGAINST-

JENELLE CROSSFIELD, THE NEW YORK CITY
POLICE DEPARTMENT, POLICE OFFICER
HAINES (SHIELD #930305), AND DETECTIVE
SALVATORE SACCENTE
       DEFENDANTS

09  2533
INDEX #

DATE PURCHASED

JURY DEMAND

IRIZARRY, J.
POLLAK, M.

Plaintiff, Garfield Clark, appearing through his attorney, Tamara M. Harris, alleges as follows:

1. This is an action for violations of the 4th and 14th amendments of the U.S. Constitution under 42 U.S.C.S Section 1983, as well as negligence and malicious prosecution.

## JURISDICTION AND VENUE

2. This is an action arising under the laws of the state of New York. This court has jurisdiction over the subject matter of this action under 28 U.S.C. Section 1331, there being a federal question. Venue is proper in this District under 28 U.S.C. Section 1391 (b) Notice of Intention to File a Claim against the above mentioned defendants was previously filed within 90 days of the accrual of the cause of action, pursuant to Section 10 of the Court of Claims Act and Section 50-I of the General Municipal Law.

## PARTIES

3. Plaintiff resides at 107-62 Spa Place, Jamaica, New York 11435.

4. Defendant New York City Police Department has their principal place of business at 1 Police Plaza, New York, NY 10038; Detective Saccente and Police Officer Haines have their principal place of business at the 105 Precinct, located at 9208 222nd St., Queens Village, New York 11428.

## FIRST CAUSE OF ACTION-MALICIOUS PROSECUTION BY STATE ACTOR AND FALSE ARREST BY STATE ACTOR UNDER 42 U.S.C.S SECTION 1983

5. Defendants Police Officer Haines and Detective Saccente are state actors acting under the color of state law when they investigate and effectuate arrests of individuals, such as plaintiff.

6. On February 8, 2007 plaintiff, Garfield Clark, was arrested for Sexual Abuse in the Third Degree, Unlawful Imprisonment in the Second Degree, Forcible Touching, and Endangering the Welfare of a Child.

7. According to the misdemeanor complaint, signed and sworn to by Detective Saccente, Garfield Clark had touched the inner thigh of fourteen year old Jenelle Crossfield while inside of his car, made sexual comments about her body, rubbed her inner thigh, and locked the car door when she tried to leave.

8. The arrest of Garfield Clark was an unlawful seizure under the Fourth Amendment, made applicable to the state via the Fourteenth Amendment for the following reasons: a) Jenelle Crossfield was involuntarily committed to the psychiatric ward of a mental hospital at the time Garfield Clark was arrested, for threatening to cut out the esophagus of her infant sister and younger brother at knifepoint, running around the house naked, and pulling out her hair in a bout of psychotic rage. She was also committed to the psychiatric ward in relation to other allegations she had made, against

other men, for sexual abuse. At the time of Ms. Crossfield's committal she was known to have homicidal and suicidal inclinations, and have already made of flurry of false allegations of sexual abuse against other men, not including Gary Clark. Officer Haines and Detective Saccente knew of Jenelle Crossfield's psychiatric condition at the time Officer Haines took the report and at the time Detective Saccente made the arrest of plaintiff.

9. Police Officer Haines and Detective Saccente knew that Jenelle Crossfield had made prior allegations of sexual abuse when they forwarded false reports to District Attorneys Office for criminal prosecution, which indicated Ms Crossfield had no domestic incident report history. In fact, there was a history of this complainant making the same criminal and sexual allegations, two months prior, in the same precinct against another male

10. Detective Saccente made racially derogatory comments to the plaintiff, who is African-American, and informed Mr. Clark that he knew of Ms. Crossfield's prior false allegations, that he knew plaintiff was innocent, that he was arresting him anyway.

11. At no point in time did Officer Haines, and Detective Saccente conduct an adequate investigation in said criminal case; namely, they failed to interview Garfield Clark before arresting him and they failed to interview eyewitnesses before arresting him. By doing so they effectuated an arrest without probable cause, of an innocent man, based on uncorroborated word of a psychopath.

12. Detective Saccente made comments to Garfield Clark at time of his arrest, on February 8, 2007, that he was arresting him despite the admitted lack of evidence because he was black.

13. The conduct of aforementioned defendants was malicious and not predicated on probable cause and, as such, was a violation of 4th amendment of the US Constitution which prohibits unlawful seizures. Defendant Detective Saccente intended to confine the plaintiff, the plaintiff was conscious of confinement and did not consent to the confinement and the confinement was not privileged.

14. Garfield Clark was deprived of his 4th and 14th amendment liberty rights, under the U.S. Constitution, due to Detective Saccente's unlawful seizure of his person and the subsequent post-arraignment restriction of plaintiff's liberty.

15. Garfield Clark, due to Detective Saccente conduct, was forced to endure a post-arraignment seizure in that a condition of his release from jail was that he attend all subsequent criminal proceedings and return to court on all subsequent court dates, as well as to comply with each and every full order of protection issued on behalf of complainant, which was renewed on each consecutive court date.

16. Garfield Clark was forced to return to court, post-arraignment, roughly 25 times before the charges were ultimately dismissed in the interest of justice, approximately two years after his initial wrongful arrest. This post arraignment liberty restraint constituted malicious prosecution by a state actor acting under the color of state law under 42 USCS Section 1983, and the 4th and 14th amendment of the US Constitution.

17. Plaintiff, as a criminal defendant released on his own recognizance, was required to render himself at all times amenable to the orders and processes of the court, and therefore to remain in the state.

18. Detective Saccente and Officer Haines remained at all times cooperative with the

prosecution, encouraging them to prosecute Garfield Clark, and forwarding false police reports to them which frivolously indicated the complainant had never made prior allegations and had no DIR (domestic incident report) history.

19. On June 12, 2008, the date Garfield criminal case was scheduled for a jury trial, a supervisor of the Queens District Attorney's Office informed the court and the undersigned that no jury trial would begin in this case and the case against Garfield Clark was being DISMISSED IN THE INTEREST OF JUSTICE.

20. All the aforementioned defendants, due to their deprivation of plaintiff's liberty, guaranteed by the 4th and 14th amendment of the US Constitution, and their unreasonable seizure of his person, caused plaintiff to suffer substantial injury in form of pain, suffering and emotional anguish. Due to defendant's conduct, plaintiff's family, including his wife and children, left him, because of the false and fabricated allegations the defendants had lodged against him.

21. Plaintiff seeks damages as follows: $20 Million punitive damages and $20M emotional damages on the first cause of action.

## SECOND CAUSE OF ACTION-NEGLIGENCE

Plaintiff realleges all the aforementioned paragraphs.

22. Defendant New York City Police Department was negligent in hiring and supervising employees Detective Saccente and Police Officer Haines, and they are vicariously liable for the negligence of those defendants.

23. Defendants New York City Police Departments, Detective Saccente and Officer Haines owed plaintiff a duty to properly investigate any allegations of criminal activity lodged against him before making an arrest.

24. All the aforementioned defendants failed to exercise a reasonable degree of care, as measured by the standards set forth in the law enforcement community, by failing to interview Garfield Clark prior to his arrest, interview eyewitnesses prior to his arrest, by failing to carefully look into Jenelle Crossfield criminal psychiatric history. The New York City Police Department is specifically negligent in allowing Detective Saccente and Officer Haines to forward false police reports to the District Attorney's office, which fraudulently indicated that this complainant had no DIR history.

25. All the aforementioned defendants breached their duty of care to plaintiff by arresting him without probable cause and solely based on the uncorroborated word of a psychiatric patient and known pathological liar.

26. Defendants' negligence has caused plaintiff to suffer emotional anguish to lose his family and friends.

27. Plaintiff seeks damages of $20 million emotional damages, and $20 million punitive damages for the second cause of action.

## THIRD CAUSE OF ACTION- MALICIOUS PROSECUTION

29. Plaintiff repeats and realleges all of the aforementioned paragraphs.

30. Jenelle Crossfield falsely accused the plaintiff of sexual abuse; to wit, that he made sexual comments to her, rubbed her inner thigh and locked her in a car.

31. Jenelle Crossfield made these false allegations knowing that they were false and out of malice for the plaintiff.

32. The state criminal proceeding against Garfield Clark terminated in his favor on June 12, 2008, when his case was dismissed in the interest of justice.

33.   Garfield Clark has been injured in that he had suffered emotional anguish and loss of his family, and he therefore seeks $20 Million in punitive damages and $20 Million in emotional damages from Jenelle Crossfield.

## DAMAGES

WHEREFORE plaintiff is seeking damages in the total amount of $120 million dollars.

DATED June 12, 2009

New York, New York

*[signature]*

Tammy Harris
The Law Office of Tamara M. Harris
1115 Broadway 12th Floor
New York, New York
(212) 710-2758

## VERIFICATION

*[illegible handwriting]*

Gary Clark being duly sworn, deposes and says: I am the plaintiff herein; I have read the foregoing verified complaint; the same is true to my own knowledge, except as to matters therein stated to be alleged upon information and belief, and as to those matters I believe them to be true

*[signature]*
Gary Clark

Sworn to before this 11 Day of June 2009

*[signature]*
Notary Public

```
MICHAEL DEFILIPPIS
Notary Public - State of New York
NO. 01DE6189445
Qualified in Queens County
My Commission Expires 6/23/12
```